<span style="color:red">CORRECTED</span>

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-886V
UNPUBLISHED

| | |
|---|---|
| EMILIA OSTROWSKA,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: April 11, 2023<br><br>Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Human Papillomavirus (HPV) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Brynna Gang*, Kraus Law Group, LLC, Chicago, IL, *for Petitioner.*

*Parisa Tabassian*, U.S. Department of Justice, Washington, DC, *for Respondent.*

### RULING ON ENTITLEMENT[1]

  On February 8, 2021, Emilia Ostrowska filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that suffered a shoulder injury related to vaccine administration (SIRVA) following human papillomavirus (HPV) vaccine administered to her on September 16, 2020. Petition at 1. Petitioner further alleges that the vaccination was administered within the United States, she suffered the residual effects of her injury for more than six months, and that she has not received compensation in the form of an award or settlement, nor has she filed a civil action for her vaccine-related injuries prior to filing her petition. Petition at 1-3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On April 11, 2023, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent determined that Petitioner satisfied the criteria set forth in the Vaccine Injury Table (Table) and the Qualifications and Aids to Interpretation (QAI) for SIRVA. *Id.* at 4. Respondent further agrees that Petitioner timely filed her case, that she received the vaccination within the United States, and that she satisfies the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master